# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Jacqueline Cannick, | )<br>) |
| Plaintiff, | )<br>) |
| | ) 9:17-cv-02569-DCN-MBG |
| vs. | )<br>) |
| | ) **ORDER** |
| Catrina Trust, a Division of Wilmington Savings Fund Society, FSB, *as Trustee of ALRP Trust 3*. | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

Plaintiff Jacqueline Cannick, proceeding pro se, filed the instant action on September 22, 2017, against Defendant Catrina Trust. (See generally ECF No. 1.)[1] This case arises out of a foreclosure proceeding in state court; Cannick alleges that she "lost her home due to wrongful foreclosure by the Defendant." (ECF No. 1 at 1). On December 13, 2017, Cannick filed a Motion for Temporary Restraining Order (ECF No. 30). Cannick asks for a temporary restraining order ("TRO") to "restrain[] and enjoin[]" the Defendant and its "respective employees, agents, affiliates and all those in active concert or participation" with Defendant "from transferring, disposing of and evicting" Cannick "from the real property located at 371 Old House Road, Ridgeland, SC 29936." (ECF No. 30 at 1 of 5). Defendant filed a Response in Opposition to Cannick's motion. (ECF No. 31).[2]

---

[1]Defendant asserts that its correct name is "Christiana Trust." (*See* ECF No. 31 at 1 n.1.)

[2]Defendant filed a Motion to Dismiss on November 13, 2017. (ECF No. 16). That motion remains pending at this time.

1

## I. BACKGROUND

In her Complaint, Cannick alleges that she signed a mortgage on July 25, 2007, a judgment of foreclosure was entered on April 1, 2016, and the property was sold at public auction on June 8, 2016. Compl. ¶ 17. She asserts that she "has been fighting to stop this foreclosure action since April 2014." Id. ¶ 18.[3] Although some of Cannick's allegations are difficult to follow, Cannick alleges, inter alia, that the "Defendant who has serviced the loan of the Plaintiff did not fund the loan, did not loan any money to the Plaintiff, and is not the holder in due course of the Plaintiff and has no lawful right to have foreclosed upon Plaintiff's [sic] home." Id. ¶ 42. She alleges the Defendant's "deceptive scheme . . . unjustly enriched Defendant to the detriment of Plaintiff by causing Defendant to receive monetary payments from Plaintiff and money to which Defendant was not entitled because the Defendant did not fund the loan of the Plaintiff." Id. ¶ 36. She also alleges the Defendant "failed to acknowledge Plaintiff's military status during the foreclosure process denying her the rights associated with the Servicemembers Civil Relief Act." Id. ¶ 22. According to Cannick, her home was "sold by the Defendant unlawfully." Id. ¶ 51. Cannick lists the following causes of action in her Complaint: (1) "Wrongful Foreclosure", (2) "Unjust Enrichment"; (3) "Violation of the Servicemembers Civil Relief Act"; (4) "Injunctive Relief"; and (5) "Declaratory Relief." See generally ECF No. 1.

---

[3]It appears Cannick refers to the state court case of Christiana Trust v. Cannick, et al., Case No. 2014CP2700156, a foreclosure action which was filed in the Jasper County Court of Common Pleas on April 7, 2014. See http://publicindex.sccourts.org/jasper/publicindex/.

## II. DISCUSSION

As noted above, Cannick seeks a TRO to prevent her eviction "from the real property located at 371 Old House Road, Ridgeland, SC 29936." ECF No. 30, 1. She asserts that unless a TRO is granted, "it is anticipated" that the Sheriff will "conduct an eviction on December 13, 2017, forcing the [Plaintiff] and her children from the home." Id. at 1–2. Cannick states,

> To allow such an action[] would cause the [Plaintiff] to suffer immediate and irreparable loss, damage or injury. The [Plaintiff] has reason to believe the eviction would occur before [Defendant(s)] or their attorney(s) can be heard in opposition to this motion for a temporary restraining order, and before a hearing can be had on the . . . Motion for a Temporary Injunction

Id. at 2. She asserts, upon information and belief, that Defendant "wrongfully provided false information . . . during the foreclosure process." Id. Cannick alleges the Defendant "violated several [f]ederal laws pertaining to home mortgages and foreclosure specifically the Real Estate Settlement Procedures Act." Id. She further states,

> The [Cannick] would further assert that [she] will likely succeed on the merits of the litigation and that there is no adequate remedy at law to protect . . . [her]. The temporary restraining order and temporary injunction are needed to preserve the status quo to avoid possible irreparable injury to the [Cannick] pending the litigation of the claims asserted in this action.

Id.

A temporary restraining order or a preliminary injunction is "an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008); see also U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). To obtain a TRO, a Plaintiff must show:

(1) that she is likely to succeed on the merits,

(2) that she is likely to suffer irreparable harm in the absence of preliminary relief,

(3) that the balance of equities tips in her favor, and

(4) that an injunction is in the public interest.

Winter, 555 U.S. at 20. A Plaintiff seeking injunctive relief must show that all four of the Winter factors support granting relief. See id.; see also Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) (noting that the Plaintiff "bears the burden of establishing that each of these factors supports granting the injunction" (quoting Technical Publishing Co. v. Lebhar-Friedman, Inc., 729 F.2d 1136, 1139 (7th Cir. 1984))).

Cannick's Motion for TRO is denied because she has not shown that she is likely to succeed on the merits.[4] In Pennick v. Wells Fargo Bank NA, 2014 WL 12609309 (D.S.C. May 2, 2014), the court denied the Plaintiffs' motion for a temporary restraining order for that very reason, concluding that the Plaintiffs "have not made a showing that they are likely to succeed on the merits of their claim." Pennick, 2014 WL 12609309, at *2. The court stated, inter alia,

> To the extent Plaintiffs' motion for a temporary restraining order seeks to enjoin a pending state action by enjoining the execution of the foreclosure order, the Anti-Injunction Act precludes such an injunction. . . . To the extent Plaintiffs' motion seeks to challenge the state judgment issued by the state court, this court lacks subject

---

[4] According to Defendant, the Jasper County Sheriff's Office notified Cannick that "it would execute the Writ of Assistance and evict Plaintiff from the property at 10:00 a.m., December 13, 2017." ECF No. 31 at 2. Cannick's Motion for TRO was clocked in by the Clerk at 11:13AM on December 13, 2017. ECF No. 30 at 1. Defendant asserts that, to the best of its knowledge at the time it filed its Response, Cannick had already been evicted by the time Cannick filed the instant motion at 11:13AM. ECF No. 31 at 3. It is not clear, on the record currently before the court, whether Cannick has in fact been evicted, or whether she still resides in the home.

> matter jurisdiction to review that judgment based upon the Rooker-Feldman doctrine. . . . Here, through the filing of this complaint and the motion for a temporary restraining order, Plaintiffs are clearly attempting to attack the validity of the state court foreclosure proceedings, particularly the judgment of foreclosure. Relief would clearly require this court to invalidate the judicial findings made in the state-court foreclosure action. . . . Even if Plaintiffs were not precluded under the Rooker-Feldman doctrine, the doctrine of res judicata, or claim preclusion, would nevertheless bar Plaintiff from bringing her claims here.

Pennick, 2014 WL 12609309, at *1-2 (citations omitted).

Like the Plaintiffs in Pennick, Cannick has not shown that she is likely to succeed on the merits. To the extent Cannick seeks to challenge, in this federal case, the decisions made in the state court case of Christiana Trust v. Cannick, et al., Case No. 2014CP2700156, the Rooker-Feldman doctrine precludes this challenge. The doctrine provides that "lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with the superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997); see also District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482–86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923). In a 2005 opinion, the United States Supreme Court clarified the scope of the Rooker-Feldman doctrine, stating,

> The Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Subsequently, the Fourth Circuit stated, "Exxon requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-

court decision, the Rooker–Feldman doctrine does not apply. Davani v. Va. Dep't of Transp., 434 F.3d 712, 718 (4th Cir. 2006); see also Vicks v. Ocwen Loan Servicing, LLC, 676 F. App'x 167, 168 (4th Cir. 2017) (noting that "[w]here a federal complaint raises claims independent of, but in tension with, a state court judgment, the Rooker-Feldman doctrine 'is not an impediment to the exercise of federal jurisdiction' simply because 'the same or a related question was earlier aired between the parties in state court,' and any tension created by the concurrent federal and state proceedings 'should be managed through the doctrines of preclusion, comity, and abstention'" (quoting Thana v. Bd. of Licence Comm'rs for Charles Cty. Md., 827 F.3d 314, 320 (4th Cir. 2016))).

Much like the Plaintiffs in Pennick, it appears that Cannick is attempting to challenge—in federal court—the validity of the state court foreclosure proceedings. To the extent she attempts to do so, she has not shown that she is likely to succeed on the merits, because such a claim is prohibited by the Rooker-Feldman doctrine.

In addition, Cannick has not shown that she is likely to succeed on the merits, given that many, if not all, of her claims appear to be barred by the doctrine of res judicata. "Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." Plum Creek Dev. Co. v. City of Conway, 512 S.E.2d 106, 109 (1999). As set out by the Supreme Court of South Carolina, "[r]es judicata requires three elements be met: 1) a final, valid judgment on the merits; 2) identity of parties; and 3) the second action must

6

involve matters properly included in the first suit." Stone v. Roadway Express, Emp'r, 627 S.E.2d 695, 697 (2006) (citation omitted).[5]

Both Cannick and Defendant were parties in the state court case of Christiana Trust v. Cannick, et al., Case No. 2014CP2700156. Additionally, the subject matter in the instant action involves matters properly included in the first suit, and the state court reached a final determination on the merits.[6] Cannick's claims therefore appear barred by the doctrine of res judicata. See Walls v. Wells Fargo Bank, N.A., 557 F. App'x 231, 233 (4th Cir. 2014) (affirming dismissal of lawsuit "seeking to enjoin the foreclosure sale of a commercial property," concluding that "[r]es judicata was an appropriate ground on which to dismiss this case" where although "the legal theories on which the claims here are based are

---

[5]This court looks to South Carolina law when considering the effect of a judgment of a South Carolina court. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984).

[6]According to the Jasper County Fourteenth Judicial Circuit Public Index, Cannick filed a "Motion to Stay Eviction" in the state court case of Christiana Trust v. Cannick, et al., Case No. 2014CP2700156 on June 26, 2017; she filed a "Motion for Immediate Temporary Restraining Order and Notice of Motion and Motion for a Temporary Injunction" in the state court case on July 21, 2017. See http://publicindex.sccourts.org/jasper/publicindex/. In these motions, Cannick asserted, inter alia, that Defendant "wrongfully provided false information" to the state court "during the foreclosure process specifically stating" that Cannick "was not a member of the United States military," when, in fact, Cannick "was actually an active duty member of the armed forces."
See http://publicindex.sccourts.org/jasper/publicindex/. She also asserted that Defendant "violated several Federal laws pertaining to home mortgages and foreclosures specifically the Real Estate Settlement Procedures Act. See id. Judge Sapp denied Cannick's motions in an order dated September 13, 2017. See id. Judge Sapp's order provides as follows: IT IS FURTHER ORDERED that the Sheriff of Jasper County or his authorized deputies are authorized and directed to enter upon the premises, 371 Old House Road, Ridgeland, SC 29936, described in the Petition and in the Judgment of Foreclosure and Sale at any time after 1:00 P.M. on the 15th day of September, 2017, and to either peaceably or forcibly remove [Ms. Cannick] or any occupant and all personal property of same located within or on the premises, and that force may be used, if necessary, to enter the premises. TMS # 063-39-04-009 and 063-39-04-011. See id.

not exactly the same (negligence and unjust enrichment were not included in the first lawsuit), the underlying grounds for all of the claims in both lawsuits are Wells Fargo's allegedly excessive and fraudulent charges"); Anyanwutaku v. Fleet Mortg. Grp., Inc., 85 F. Supp. 2d 566, 572 (D. Md.), aff'd, 229 F.3d 1141 (4th Cir. 2000) (concluding, where the Plaintiff claimed that "Defendants misrepresented facts at the foreclosure sale hearing and that the applicable laws protecting his due process rights were violated," that the claims were barred by the state court judgments in the foreclosure action).

In light of the foregoing, Cannick has not shown that she is likely to succeed on the merits of this case. Accordingly, Cannick's Motion for Temporary Restraining Order (ECF No. 30) is denied. See Cantley v. W. Va. Reg'l Jail & Corr'l Facility Auth., 771 F.3d 201, 207 (4th Cir. 2014) ("All four requirements must be satisfied." (internal quotation marks and citation omitted)); Pennick, 2014 WL 12609309, at *1-2 (citations omitted); Montgomery v. Brown, Civ. A. No. 2:14-cv-00004-MR-DLH, 2014 WL 509144, at *3 (W.D.N.C. Feb. 10, 2014) ("If the plaintiff wishes to challenge the validity of the Jackson County District Court's orders, she must do so in the state courts.").

## III. CONCLUSION

For the foregoing reasons, Cannick's Motion for Temporary Restraining Order is **DENIED**.

**AND IT IS SO ORDERED.**

                                        **DAVID C. NORTON**
                                        **UNITED STATES DISTRICT JUDGE**

**December 14, 2017**
**Charleston, South Carolina**